UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SETH VILCHUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02333-JPH-KMB |
| | ) | |
| TRENT ALLEN Warden PCF, | ) | |
| MAVES Mrs., ARS MAT Program, | ) | |
| Centurion Health, | ) | |
| LISA HAMBLEN AHSA, Centurion Health | ) | |
| of PCF, | ) | |
| KELLY MCCAFFERTY MAT | ) | |
| program/MHS Centurion Health PCF, | ) | |
| JOHN NWANNUNU Dr., Centurion Health | ) | |
| PCF, | ) | |
| ABBY Mrs., RN, MAT Program PCF, | ) | |
| MILLER Mrs., Centurion Health PCF, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Seth Vilchuck is a prisoner currently incarcerated at Pendleton

Correctional Facility ("Pendleton"). He filed this civil action alleging Defendants

have been deliberately indifferent to a serious medical need and have retaliated

against him. Because the plaintiff is a "prisoner," this Court must screen the

complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Vilchuck's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). The complaint names as defendants (1) Pendleton Warden Trent Allen; (2) Addiction Recovery Services ("ARS") staff member Mrs. Maves; (3) AHSA Lisa Hamblen; (4) MHS Kelly McCafferty; (5) Dr. John Nwannunu; (6) Mrs. Miller; (7) RN Mrs. Abby.

Mr. Vilchuck suffers from an opioid addiction. In 2021, while not incarcerated, Mr. Vilchuck was prescribed suboxone to help treat his addiction. In April 2024, at Pendleton, Nurse Practitioner Lindsey Manning prescribed Naltrexone and/or Vivitrol for Mr. Vilchuck, which is an alternative medication

2

from suboxone for treating opioid addiction.[1] Mr. Vilchuck experienced negative side effects from these medications, including difficulty breathing, heart palpitations, and pain in his kidneys and sides.

Mrs. Maves is a staff member for the Pendleton Medication Assisted Treatment ("MAT") program. Mr. Vilchuck asked her for assistance to continue participating in the MAT program and trying suboxone instead of Naltrexone and/or Vivitrol, but she never responded to his requests. Mr. Vilchuck also alleges Warden Allen has ignored his grievances and appeals about not being allowed to continue participating in the MAT program. Mr. Vilchuck's claim regarding Dr. Nwannunu is that Mr. Vilchuck "had nurses Jennifer and Ms. Collins write a report about the allergic reactions and had the medication discontinued during April 2024 plaintiff continued to seek a alternative medication still to date November 4th, 2025, Defendant has no care of plaintiff's urgent need for opioid treatment . . . ." Dkt. 1 at 8. AHSA Lisa Hamblen also has not assisted in obtaining alternative treatment for Mr. Vilchuck's opioid addiction, despite his sending letters and requests for healthcare to her. Mr. Vilchuck claims Mrs. Miller is a Centurion employee who has not responded to his requests for healthcare related to the MAT program. MHS McCafferty also has not assisted Mr. Vilchuck in participating in the MAT program with use of

---

[1] Mr. Vilchuck is pursuing a separate lawsuit against NP Manning. *Vilchuck v. Manning*, No. 1:25-cv-00021-MPB-MKK. NP Manning has filed a motion for summary judgment in that case. The Court considered whether it would be appropriate to consolidate this case with NP Manning's case, given the significant overlap between the claims in that case and this case. However, because these cases are in much different procedural postures, it would not be in the interests of judicial economy to now order consolidation.

an alternative medication despite asking for her help in person. Finally, Nurse Mrs. Abby at some point "forced" Mr. Vilchuck to try Naltrexone again despite his known previous bad reaction to that medication.

Mr. Vilchuck asserts that he has been suffering physical and mental harm because of failing to receive adequate treatment for his opioid addiction and that he fears overdosing and dying if not adequately treated. In addition, Mr. Vilchuck believes all the defendants have in part been retaliating against him, based on a physical altercation he had with prison guards in December 2023 and in response to his filing of grievances and civil lawsuits, including the one against NP Manning. He also believes the retaliation became worse once it became known that the possibility of him being transferred to a different facility was being discussed as part of global settlement negotiations in several of his pending lawsuits.[2] Mr. Vilchuck is seeking damages, plus injunctive relief that would require him to receive "suboxone 8 mg once a day as I reside in the DOC." *Id.* at 14.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, claims against all Defendants shall proceed under the Eighth

---

[2] After this complaint was filed, a global settlement conference held by Magistrate Judge Baker was unsuccessful, and Mr. Vilchuck remains at Pendleton. *See, e.g.*, *Vilchuck v. Ballenger et al.*, No. 1:24-cv-00141-TWP-MJD, dkt. 110.

Amendment for deliberate indifference to a serious medical need and under the First Amendment for retaliation.[3]

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 11, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Trent Allen, Mrs. Maves, Lisa Hamblen, Kelly McCafferty, Dr. John Nwannunu, Nurse Abby, and Mrs. Miller in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November 10, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants Maves, Hamblen, McCafferty, Dr. Nwannunu, Nurse Abby, and Mrs. Miller are identified as employees of Centurion Health of Indiana. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

---

[3] To be clear, Mr. Vilchuck's retaliation claims can only be based on alleged retaliation for his grievances and lawsuits. His December 2023 physical altercation with guards cannot be the basis of a retaliation claim, because that altercation would not constitute protected First Amendment activity.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/20/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
    Warden Trent Allen
    (At Pendleton Correctional Facility)

Electronic service to Centurion
    Mrs. Maves
    Lisa Hamblen
    Kelly McCafferty
    Dr. John Nwannunu
    Nurse Abby
    Mrs. Miller

SETH VILCHUCK
149912
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

6